UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MINNIE DABNEY, | ) |
|     Plaintiff, | ) |
| v. | ) Case No.: |
| ADDUS HEALTHCARE, INC., | ) |
|     Defendant. | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, MINNIE DABNEY (hereinafter "Plaintiff" or "Dabney") and files her Complaint against Defendant, ADDUS HEALTHCARE, INC., (hereinafter "Defendant" or "Addus") and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to the Age Discrimination in Employment Act 29 U.S.C. §§ 621, *et seq.* ("ADEA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, and retaliation against Plaintiff because of her age leading to her unlawful termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADEA.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment

1

practices alleged herein occurred in this district.

## THE PARTIES

4. Plaintiff, Dabney, was at all times relevant, a resident of Illinois.

5. Defendant, Addus, is a for-profit corporation, and operated within this district at its 2401 South Plum Grove Road, Palatine, Illinois 60067 location.

6. Defendant is a covered employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On March 17, 2016, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on race, and disability discrimination and retaliation.

9. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

10. On September 28, 2023, the EEOC issued Plaintiff a Conciliation Failure of Charge and Notice of Right to Sue.

11. This complaint was filed within ninety days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12. Plaintiff is a sixty-six (66) year-old female.

13. Plaintiff worked for Defendant starting on or about July 23, 2014.

14. At the time of her termination, Plaintiff held the position of Agency Director.

15. Plaintiff was a full-time employee who regularly worked or exceeded forty hours per

week.

16. During Plaintiff's employment, Plaintiff was subjected to age-based harassment by Plaintiff's Supervisor, Jason Branch, and different terms and conditions of her employment than younger employees.

17. Plaintiff reported to Mr. Branch when he assumed the role of Regional Director in March 2015.

18. When Mr. Branch first visited Plaintiff's Niles office, he told Plaintiff he did not expect much from her office and that it "sucked" with respect to the Niles office's client census.

19. Mr. Branch began to single out Plaintiff's Niles office, and subjected Plaintiff to increased scrutiny with the office's client growth, which Mr. Branch did not do for Defendant's other offices.

20. In addition, Mr. Branch would regularly berate Plaintiff's performance and relate it to her age, saying, "You remind me of my granny," and "You are so old, you need to get with the younger generation."

21. Marina Kastrati, Manager for Defendant, would also comment on Plaintiff's age, saying, "All you old people think about is Bingo," during a marketing strategy meeting.

22. In August 2015, Plaintiff complained to Mr. Branch about the discriminatory treatment she was subjected to due to her age, but no remedial action was taken.

23. Instead, Mr. Branch placed Plaintiff on an unwarranted Performance Improvement Plan ("PIP").

24. Eventually, on or about January 15, 2016, Defendant terminated Plaintiff's employment under pretext.

25. Upon information and belief, Defendant replaced Plaintiff with a significantly younger employee.

26. The discrimination and retaliation Plaintiff was subjected to was perpetrated, in part, by one of Defendant's employees with direct supervisory authority over Plaintiff.

27. Defendant knew or should have known of the discrimination and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

28. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional, and done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

29. Plaintiff has been damaged by Defendant's illegal conduct.

30. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Age Discrimination in Violation of the ADEA

31. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30 above.

32. Defendant engaged in intentional age discrimination in Plaintiff's terms, conditions, or privileges of employment.

33. Defendant's conduct violated the ADEA.

34. Defendant's discriminatory conduct, in violation of ADEA has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

35. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

36. Defendant willfully engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count II: Retaliation in Violation of the ADEA

37. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in

Paragraphs 1-30 above.

38. Plaintiff engaged in protected activity under the ADEA while employed by Defendant.

39. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

40. Defendant's conduct violated the ADEA.

41. Defendant's discriminatory conduct, in violation of the ADEA has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

42. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

43. Defendant engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted,

*/s/ Gary Martoccio*
Gary Martoccio
IL Registration No. 6313431
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com
*Counsel for Plaintiff*